```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JUAN DIAZ,                                      )
                                                )
                    Plaintiff,                  )
                                                )
    -against-                                   )
                                                )          COMPLAINT
                                                )
THE CITY OF NEW YORK; POLICE                    )          JURY TRIAL DEMANDED
DETECTIVE MICHAEL BRACKEN, Shield No.           )
01815; POLICE DETECTIVE JOSEPH ROSARIO,)                   10 Civ. 6625 (GBD)(DF)
Shield No. 3759; POLICE DETECTIVE               )
CHRISTOPHER BRIECKE; POLICE SERGEANT )                     ECF CASE
TYRON POPE; POLICE LIEUTENANT DAVID             )
NISTHAUS; JOHN DOES; RICHARD ROES,              )
                                                )
                    Defendants.                 )
-----------------------------------------------------------------X
```

## **PRELIMINARY STATEMENT**

1.     This is a civil rights action in which plaintiff JUAN DIAZ seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

1

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c).

## NOTICE OF CLAIM

6. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on January 22, 2010 concerning his malicious prosecution claim, within 90 days of the dismissal of the criminal charges against him. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff JUAN DIAZ is a citizen and resident of the United States, and at all

times relevant herein was a resident of the State of New York, County of New York.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, the employees of which act as its agents in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force, and the employment of police officers, as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendants POLICE DETECTIVE MICHAEL BRACKEN, Shield No. 01815; POLICE DETECTIVE JOSEPH ROSARIO, Shield No. 3759; POLICE DETECTIVE CHRISTOPHER BRIECKE; POLICE SERGEANT TYRON POPE, POLICE LIEUTENANT DAVID NISTHAUS and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants BRACKEN, ROSARIO, BRIECKE, POPE, NISTHAUS, and DOES are sued individually.

10. Defendants POLICE DETECTIVE MICHAEL BRACKEN, Shield No. 01815;

POLICE DETECTIVE JOSEPH ROSARIO, Shield No. 3759; POLICE DETECTIVE CHRISTOPHER BRIECKE; POLICE SERGEANT TYRON POPE, POLICE LIEUTENANT DAVID NISTHAUS and RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police officers under their command. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants BRACKEN, ROSARIO, BRIECKE, POPE, NISTHAUS and ROES are sued individually.

## STATEMENT OF FACTS

11. On the night of June 9, 2009, Plaintiff JUAN DIAZ was sitting on the steps of his building at 211 W. 108th Street in New York, NY, waiting for his girlfriend.

12. Two male and one female plainclothes Detectives / Officers of the New York City Police Department, on information and belief including Defendants BRIECKE and POPE, emerged from an unmarked police vehicle.

13. One of the male plainclothes JOHN DOE Detective, on information and belief Defendant BRIECKE, approached Plaintiff, and told him to "get the fuck up."

14. Plaintiff was handcuffed, with excessive tightness, and searched by Defendants

4

BRIECKE and the Defendant female officer.

15. When Plaintiff asked why he was being arrested, Defendant BRIECKE told him, in sum and substance, to "shut the fuck up," and that he would find out why he was arrested when he met his "arresting officer."

16. Defendant POPE told the Plaintiff that if Plaintiff made a scene he would break Plaintiff's teeth and say that Plaintiff had slipped with his handcuffs on.

17. When Plaintiff's girlfriend arrived and saw Plaintiff handcuffed, the police shoved her and told her, in sum and substance, to mind her own "fucking business," or she would be arrested as well.

18. Plaintiff's girlfriend buzzed Plaintiff's mother, who came downstairs.

19. When Plaintiff's mother arrived the Defendants began to make fun of Plaintiff, mocking Plaintiff, in sum and substance, "you want your mommy."

20. A police transport van arrived at the scene.

21. Plaintiff was thrown with completely unwarranted and unreasonable force into the van by the van's JOHN DOE Defendant driver, on information and belief Defendant ROSARIO (who was referenced as "Joey" by the female Defendant), which sprained Plaintiff's right wrist and caused the handcuffs to tighten even further.

22. Plaintiff requested a number of times that the police loosen the handcuffs, but they ignored his pleas.

23. Plaintiff sustained nerve damage due to the excessive tightness of the handcuffs.

24. Plaintiff was driven around in the dark van for a few hours, with the lights off and with the heat on.

25. There was one other arrestee in the van already when the Plaintiff was thrown in. About 45 minutes or so after the Plaintiff was thrown into the van, two other arrestees were also put into the van.

26. Plaintiff was taken to a police department holding station on E. 119th Street, and then to the NYPD's 25th Precinct.

27. At the 25th Precinct Plaintiff heard members of the NYPD arguing as to why Plaintiff had been arrested.

28. At the 25th Precinct Plaintiff was subjected to an unlawful strip search by, on information and belief, Defendants ROSARIO and BRIECKE, in which Plaintiff was required to spread his buttocks and lift his genitals for the officers' inspection.

29. On information and belief the strip search of the Plaintiff was authorized by defendant NISTHAUS.

30. Plaintiff was charged with one count of Criminal Sale of a Controlled Substance in the Third Degree, New York State Penal Law § 220.39(1), a felony. Defendant BRACKEN was the complainant on the Criminal Court Complaint, and attests in that document that he is informed by defendant ROSARIO that defendant ROSARIO observed Plaintiff steer a separately charged drug buyer to a drug seller who was charged on Plaintiff's Criminal Court Complaint as Plaintiff's co-defendant.

31. That allegation is completely false in every respect. Plaintiff had no dealings with either one of these people, did not know them in any way, and had nothing in any manner to do with any drug transaction.

32. Plaintiff had to pay a criminal defense attorney $2,500.00 to defend against the

false charges that were lodged against him.

33. On December 22, 2009, after five court appearances and an off-calendar meeting with the prosecuting Assistant District Attorney, the charge against Plaintiff was dismissed in its entirety on the motion of the Office of the District Attorney for New York County.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

34. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

35. By their conduct and actions in falsely arresting, maliciously prosecuting, abusing process against, assaulting and battering, strip searching, violating rights to equal protection under law of, violating the substantive and procedural due process rights of, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating an account and/or evidence surrounding the June 9, 2009 incident regarding Plaintiff JUAN DIAZ, defendants BRACKEN, ROSARIO, BRIECKE, POPE, NISTHAUS and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

36. As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

37. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

38. By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers BRACKEN, ROSARIO, BRIECKE, POPE, NISTHAUS, and RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its Fourth and Fourteenth amendments.

39. As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

40. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

41. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

42. At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

43. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

44. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of racially discriminatory, stops, frisks, and arrests.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

45. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of using handcuffs to inflict pain and/or injury, and/or of failing to properly train its officers to apply handcuffs in a manner that will not cause pain and/or injury.  These policies, practices, customs, and usages were a direct and proximate cause of the

unconstitutional conduct alleged herein.

46. As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

47. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

48. The conduct of defendants BRACKEN, ROSARIO, BRIECKE, POPE, NISTHAUS, DOES and ROES alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, clothed with and/or invoking state power and/or authority, and, as a result, defendant THE CITY OF NEW YORK is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

49. As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### MALICIOUS PROSECUTION

50. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

52. As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

## CONSTITUTIONAL TORT

53. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

54. Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

55. A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiff's rights under those sections.

56. As a result of the foregoing, plaintiff was deprived of his liberty and property, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the defendants:

      a. Compensatory damages;

      b. Punitive damages;

      c. The convening and empanelling of a jury to consider the merits of the claims herein;

      d. Costs and interest and attorney's fees;

      e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
            September 7, 2010

                                        /S/
                               JEFFREY A. ROTHMAN, Esq.
                               (JR-0398)
                               315 Broadway, Suite 200
                               New York, New York 10007
                               (212) 227-2980
                               Attorney for Plaintiff